UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

| | | |
|---|---|---|
| KUN SHAN GE RUI TE TOOL CO., LTD. | : | CIVIL ACTION NO. |
| | : | |
| Plaintiff, | : | 10-CV-30203 (MAP) |
| v. | : | |
| | : | |
| MAYHEW STEEL PRODUCTS, INC., | : | |
| | : | |
| Defendant. | : | |
| _____ | : | JANUARY 11, 2011 |

## AMENDED COMPLAINT FOR PATENT AND COPYRIGHT INFRINGEMENT AND JURY DEMAND

Plaintiff, by and through its attorneys, states the following as its complaint against MAYHEW STEEL PRODUCTS, INC.

The Parties

1.      Plaintiff is a corporation incorporated under the laws of Taiwan, and is in the business of selling a variety of products, including certain pens incorporating a light source at the end of a telescoping member contained within the pen body.

2.      Plaintiff is the owner of U.S. Design Patent No. D530,030 S entitled Telescopic Light Device, which issued on October 10, 2006, and is directed to a pen incorporating a light source at the end of a telescoping member.

3.      Upon information and belief, Defendant Mayhew Steel Products, Inc. is a corporation organized and existing under the laws of the State of Massachusetts,

and having a principal place of business at 199 Industrial Blvd., Turner Falls, MA 01376.

4.     Defendant manufactures and distributes and/or sells a Lighted Pen Pick Up Tool, under its catalog number EDP 45045, useful for illuminating long reach work areas, and which infringes plaintiff's patent rights.

<u>Jurisdiction</u>

5.     This is an action for patent infringement.  Jurisdiction is founded on the existence of a federal question arising under the Acts of Congress relating to Patents, 35 U.S.C.  §§ 271; 281-285.  This court has jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6.     This is also an action for copyright infringement arising under the copyright laws of the United States, Title 17 United States Code. Jurisdiction is based on 28 U.S.C. §1338(a).

7.     Jurisdiction is also based on diversity of citizenship, 28 U.S.C. §§ 1332, as the defendant is a citizen of the United States and plaintiff is a citizen of Taiwan.

8.     Venue is based on 28 U.S.C. §§ 1391(b) and 28 U.S.C. §1400(a).

COUNT ONE

Patent Infringement

9.     As a cause of action and ground for relief, Plaintiff alleges and incorporates by reference paragraphs 1 through 8 of this complaint as a part of this Count.

10.     Plaintiff is the Patentee and the owner of all rights under United States Patent No.  D530,030 S entitled "Telescopic Light Device" (the "Patent"), including the right to bring action against infringers of the Patent.

11.     On October 10, 2006, the Patent was duly and legally issued.  A copy of the Patent is attached as Exhibit "A".

12.     Defendant has manufactured, used, sold, and/or offered for sale in the United States products that infringe the Patent.  See Exhibit B, photographs of Defendant's product on the left (labeled "Catspaw") which infringes the Patent ("Products").

13.     Plaintiff has never authorized Defendant at any time to make, use or sell any products covered by the Patent.

14.     Plaintiff has been damaged by Defendant's infringement of the Patent, including, without limitation, lost profits, and/or royalty income, and/or damages on account of convoyed sales, and the Defendant has been unjustly enriched by such infringement, on account of profits and/or convoyed sales.  Plaintiff has also suffered irreparable harm by Defendant's infringement of the Patent and will continue to

suffer irreparable harm in the future, unless Defendant is preliminarily and permanently enjoined from infringing the Patent.

15.    Defendant has had actual knowledge of the Patent, and its infringement of the Patent has been, and continues to be, willful, wanton, malicious and deliberate.  The circumstances of such infringement warrant finding the above-complained of infringement to be an exceptional one.

<u>COUNT TWO</u>

<u>Copyright Infringement</u>

16.    As a cause of action and ground for relief, Plaintiff alleges and incorporates by reference paragraphs 1 through 15 of this complaint as a part of this Count.

17.    Plaintiff created an original sculptural work (product marked "OSH" in Exhibit "B"), including, without limitation, non-functional sculptural and graphic surface features as part of the sculptural and graphic design of a magnetic tool and pen (hereinafter the "Work").

18.    Plaintiff's Work comprises material which originated with plaintiff and is copyrightable subject matter under 17 U.S.C. §101 et seq. of the Copyright Act of 1976.

19.    Plaintiff is the owner of the exclusive rights to the aforementioned copyrightable material and all rights and privileges in and to the Work (the "Copyright").

20.     Plaintiff has filed an application for registration of its copyrights pertaining to the Work.  This application has effect as a copyright registration as of its filing.

21.     Defendant has infringed and is infringing, and, and if not preliminarily and permanently enjoined by this court, will continue to infringe the Copyright by manufacturing and distributing Products (marked "CAT'S PAW" in Exhibit "B") embodying the Work, publishing the Work, displaying images of the work, and/or causing the Work to be displayed and distributed without the permission of Plaintiff.

22.     Defendant's actions constitute willful, wanton, malicious and intentional infringement of the rights of plaintiff, including, without limitation, infringement of the Copyright.  The circumstances of such infringement warrant finding the above-complained of infringement to be an exceptional one.

23.     The aforementioned activities of Defendant violate the rights of Plaintiff, including, without limitation, rights under 17 U.S.C. 101 et seq.

24.     Such damage includes, without limitation, lost profits, and/or royalty income, and/or convoyed sales, and the Defendant has been unjustly enriched by such infringement, on account of profits and or convoyed sales.

25.     As a direct and proximate result of these acts of copyright infringement by Defendant, Plaintiff has sustained and will continue to sustain irreparable damage and injury to its business, goodwill, reputation and profits.

26.     By reason of the acts of Defendant herein alleged, Plaintiffs have been damaged and, unless restrained, Defendants have and will continue to do damage to Plaintiff and deceive the public, impair the value of Plaintiff's products and services and otherwise will cause Plaintiff immediate and irreparable harm.

27.     As a direct and proximate result of these acts of copyright infringement, Plaintiff has sustained and will continue to sustain irreparable damage and injury to its business, goodwill, reputation and profits, in an amount not presently known but believed to be in excess of $200,000. Such infringement has been exceptional on account of the willful, and/or malicious, and/or grossly negligent nature of the defendant's activities complained of herein.  Plaintiff is entitled to judgment for Defendant's profits and any damages sustained by Plaintiff in consequence of the deliberate nature of the infringement by Defendant in an amount equaling three times said damages.

28.     By reason of the acts of Defendant herein alleged, Plaintiff has been damaged and, unless restrained and enjoined preliminarily and permanently, Defendant has and will continue to infringe plaintiff's rights and otherwise will cause Plaintiff immediate and irreparable harm.

## Prayer for Relief

WHEREFORE, Plaintiff prays for the following relief:

1.      A judgment that the Patent is valid and that Defendant has infringed the Patent ;

2.      A permanent injunction enjoining and restraining Defendant, its officers, directors, agents, servants, employees, attorneys, and all others acting under or through it, directly or indirectly from infringing patent rights of the plaintiff;

3.      A judgment and order requiring Defendant to pay damages, including damages under 35 U.S.C. § 284, with prejudgment interest;

4.      A judgment and order trebling the damages payable by Defendant, pursuant to 35 U.S.C. § 285 and Title 17, and for statutory damages.

5.      For an order requiring Defendant to recall from its distributors, wholesalers, retailers and customers any product found to infringe the Patent or the Copyright.

6.      For a preliminary and final injunction restraining, its agents, servants, employees, successors, assigns and those in privity and/or concert with it from using Plaintiff's products, product designs, trademarks, or any other designations closely similar thereto, and from infringing copyrights and design patents of the Plaintiff;

7.      For an order requiring Defendant to be required to account to Plaintiff for any and all profits derived by Defendant from the sale of its goods and for all

damages sustained by Plaintiff by reason of said acts of infringement complained herein.

      8.     For an order requiring Defendant to be required to account to Plaintiff for any and all profits derived by Defendant from the sale of its infringing products and for all damages sustained by Plaintiff by reason of said acts of complained herein.

      9.     A judgment and order directing Defendant to pay the costs of this action (including all disbursements) and attorneys' fees; and

     10.     Such other and further relief as this Court may deem just and equitable.


PLAINTIFF – KUN SHAN GE RUI TE TOOL CO., LTD.


By _/s/_ Genea O. Bell _____
      Genea O. Bell
      gbell@murthalaw.com

Murtha Cullina LLP
CityPlace I - 185 Asylum Street
Hartford, Connecticut 06103-3469
Telephone:  (860) 240-6000
Facsimile:   (860) 240-6150
Its Attorneys

<u>Demand for Jury Trial</u>

Plaintiff hereby demands a trial by jury of all issues so triable.

**CERTIFICATE OF SERVICE**

I hereby certify that on January 11, 2011, a copy of the foregoing Amended

Complaint was filed electronically and served by mail on anyone unable to accept

electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation

of the Court's electronic filing system or by mail to anyone unable to accept

electronic filing as indicated on the Notice of Electronic Filing.  Parties may access

this filing through the Court's CM/ECF System.


 /s/  Genea O. Bell
Genea O. Bell